ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br><br>v.<br><br><br><br>JORGE LUIS SANTIAGO RODRÍGUEZ<br><br>Parte Peticionaria | KLCE202401260 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.:<br>LLE2024G0031<br>LLE2024M0003<br>LDC2024M0005<br><br>Sobre:<br>Art. 4 (b)(4) Ley 284<br>Art. 10 Ley 284<br>Art. 177 C.P. |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de diciembre de 2024.

Compareció ante este Tribunal la parte peticionaria, el Sr. Jorge Luis Santiago Rodríguez (en adelante, el "Peticionario" o el "señor Santiago Rodríguez"), mediante un recurso de *certiorari* presentado el 20 de noviembre de 2024. Nos solicitó la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado (en adelante, el "TPI"), el 10 de octubre de 2024, notificada el 21 del mismo mes y año. Mediante dicho dictamen, el TPI declaró "Ha Lugar" la "**Moción en Solicitud de Reconsideración**" interpuesta por el Ministerio Público y concluyó que no procedía la desestimación de las acusaciones recaídas en contra del Peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari.*

**I.**

Por hechos acontecidos los días 16, 21 y 23 de octubre de 2024, el Ministerio Público presentó el 25 del mismo mes y año dos (2) denuncias en contra del señor Santiago Rodríguez, por infringir el Artículo 4(b)(4) de la Ley Núm. 284-1999, según enmendada, mejor conocida como la "Ley Contra el

Acecho en Puerto Rico (en adelante, "Ley Núm. 284-1999") y el Artículo 177 del Código Penal de Puerto Rico de 2012, que tipifican los delitos de acecho mediando una orden de protección y amenaza, respectivamente. 33 LPRA sec. 4014 y 5243. En detalle, la denuncia del caso núm. UT2023CR00447-2 lee como sigue:

> EL REFERIDO ACUSADO, JORGE SANTIAGO RODRÍGUEZ, ALLÁ EN O PARA EL DÍA 16, 21 Y 23 DE OCTUBRE DEL 2023, EN ADJUNTAS, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE UTUADO, ILEGAL, VOLUNTARIA, MALICIOSA Y CRIMINALMENTE, MANIFESTÓ UN PATRÓN CONSTANTE A [SIC] REPETITIVO DE CONDUCTA DE ACECHO DIRIGIDO A INTIMIDAR A LA SRA. DORALYS SANTANA TORRES CONSISTENTES LOS HECHOS EN QUE EL SR. JORGE SANTIAGO RODRÍGUEZ, A SABIENDAS DE QUE LA PERSONA RAZONABLEMENTE PODÍA SENTIRSE INTIMIDADA Y MEDIANTE LA ORDEN DE PROTECCIÓN SOBRE LEY CONTRA EL ACECHO UTL2842023-01475 EXPEDIDA POR EL HON. RAFAEL PÉREZ MEDINA, JUEZ MUNICIPAL, SALA DE UTUADO 26 DE SEPTIEMBRE DE 2023 Y EXPIRA EL 26 DE SEPTIEMBRE DE 2024. INCURRIÓ EN REPETIDAS OCASIONES EN VIOLACIONES A LA MISMA CONSISTENTES EN MANIFESTARLE PALABRAS SOECES MANIFESTARLE QUE TIENE UNA PISTOLA .357 MANIFESTARLE QUE LA VA A MATAR, ACECHA A LA VÍCTIMA PRÁNDOSE FRENTE A SU CASA EN REPETIDAS OCASIONES. LE CAUSA DAÑOS A LA PROPIEDAD DE LA VÍCTIMA. SINTIENDO ESTA TEMOR POR SU SEGURIDAD. HECHO CONTRARIO A LA LEY.[1]

Por su parte, la denuncia del caso núm. UT2023CR00447-1 dispone lo siguiente:

> EL REFERIDO ACUSADO, JORGE SANTIAGO RODRÍGUEZ, ALLÁ EN O PARA EL DÍA 23 DE OCTUBRE DE 2023 A LAS 9:23 AM EN ADJUNTAS, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE UTUADO, ILEGAL VOLUNTARIA, MALICIOSA Y CRIMINALMENTE Y EN PRESENCIA DE LOS AGENTES WALDEMAR MUNET RIVERA PLACA #30285 Y DEL SARGENTO OMAR A. NEGRÓN GONZÁLEZ PLACA 8-36750 MANIFESTÓ QUE CUANDO SALGA DE AQUÍ LA VOY A MANDAR PARA EL CEMENTERIO TENIENDO CONOCIMIENTO DE LA AMENAZA LA VÍCTIMA SINTIENDO ESTA TEMOR POR SU SEGURIDAD. HECHO CONTRA[R]IO A LA LEY.[2]

Ese mismo día, se llevó a cabo la vista al amparo de la Regla 6 de Procedimiento Criminal, 32 LPRA Ap. II, R. 6. Al culminar dicha audiencia, el juez que estuvo a cargo del procedimiento no halló causa para el arresto del

---

[1] *Véase*, Apéndice del Recurso de *Certiorari*, pág. 1-2.
[2] *Véase*, Apéndice del Recurso de *Certiorari*, pág. 3.

Peticionario por los delitos previamente mencionados. Específicamente, indicó que el comportamiento del señor Santiago Rodríguez no era normal y resaltó que este estuvo hospitalizado por razón de su salud mental. Más adelante, el 16 de noviembre de 2024, se celebró la vista de causa probable para arresto en alzada y se encontró causa probable para el arresto del Peticionario por los delitos de acecho y amenaza. Posteriormente, el 26 de abril de 2024, se llevó a cabo una vista de procesabilidad al amparo de la Regla 240 de las de Procedimiento Criminal, 32 LPRA Ap. II, R. 40, en la cual el Dr. William Lugo Sánchez informó que, tras evaluar el estado mental del Peticionario, consideraba que éste contaba con un buen entendimiento del procedimiento criminal y tenía la capacidad requerida para colaborar en su defensa. En armonía con lo anterior, el foro primario determinó mediante *Resolución* que el señor Santiago Rodríguez se encontraba procesable.

Posteriormente, el Peticionario, a través de su representación legal, presentó una "**Moción Prueba Exculpatoria**" en la que le solicitó al Ministerio Público que le brindara toda la evidencia pertinente que tenga a su disposición incluyendo informes, declaraciones juradas y prueba relacionada a su salud mental para contrainterrogar a los testigos de cargo de manera efectiva. En respuesta a ello, el Ministerio Público presentó una "**Moción en Cumplimiento de Orden**", a través de la cual sostuvo que no existía prueba exculpatoria que proveer y arguyó que el señor Santiago Rodríguez no tenía derecho a solicitar las declaraciones juradas de los testigos que aún no habían declarado en vista preliminar. Específicamente, indicó lo siguiente:

> Conocemos la responsabilidad de entregar prueba exculpatoria tan pronto advenimos en conocimiento de ella y reiteramos que en este caso **NO EXISTE** evidencia exculpatoria favorable que descubrir, todo lo contrario. Tampoco existe en el sumario fiscal evidencia alguna de la condición mental del imputado. El imputado tendrá la oportunidad de ejercer plenamente sus derechos de carearse con los testigos en su contra y de solicitar el descubrimiento de prueba en su momento, conforme lo dispone la regla 95 de Procedimiento Criminal.[3]

---

[3] *Véase*, Apéndice del Recurso de *Certiorari*, pág. 12 (énfasis en el original).

Más adelante, el 2 de julio de 2024, se celebró la vista preliminar en la que testificaron bajo juramento las siguientes personas: (1) el agente Waldemar Munet Rivera (en adelante, el "Agt. Munet Rivera") y (2) la Sra. Doralys Santana Torres (en adelante, la "señora Santana Torres"). Luego de examinar la prueba presentada, el foro *a quo* halló causa para acusar al Peticionario. A tono con ello, el Ministerio Público presentó el correspondiente pliego acusatorio, el cual indica lo siguiente:

> El referido acusado, Jorge Santiago Rodríguez, allá para el día 16, 21 y 23 de octubre en Adjuntas, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de Utuado, ilegal, voluntaria, maliciosa y criminalmente, manifestó un patrón constante [y] repetitivo de conducta e acecho dirigido a intimidar a la Sra. Doralys Santana Torres consistentes los hechos en que el Sr. Jorge Santiago Rodríguez, a sabiendas de que la persona razonablemente podía sentirse intimidada y mediando la Orden de Protección Sobre Ley contra el Acecho UTL2842023-01475 expedida por el Hon. Rafael Pérez Medina Juez Municipal, Sala de Utuado 26 de 2023 y expira el 26 de septiembre de 2024. Incurrió en repetidas ocasiones en violaciones a la misma consistente en manifestarle palabras soeces[,] manifestarle que tiene una pistola .357[,] manifestarle que la va a matar, acecha a la víctima parándose frente a su casa en repetidas ocasiones. Le causa daños a la propiedad de la víctima. Sintiendo esta temor por su seguridad. HECHO CONTRARIO A LA LEY.[4]

Subsiguientemente, el 19 de julio de 2024, el señor Santiago Rodríguez presentó una "**Moción al Amparo de la Regla 95 de las de Procedimiento Criminal y del Debido Procedimiento de Ley**" a través de la cual le solicitó al Tribunal que ordenara al Ministerio Público a proveer toda prueba documental que tenga a su disposición, incluyendo el informe de delito y arresto, resultados o informes de exámenes mentales que sean relevantes para la defensa y las anotaciones tomadas durante las conversaciones con el Peticionario antes, durante y después de la intervención. Cinco (5) días después, el 24 de julio de 2024, el señor Santiago presentó una "**Moci[ó]n Desestimaci[ó]n Al Amparo del Debido Proceso de Ley y de la Regla 64 (P) de las de Procedimiento Criminal**" (en adelante, "Moción de Desestimación"), mediante la cual expresó que el Ministerio Público tenía conocimiento de que el Agt. Munet Rivera llevó al Peticionario al área

---

[4] *Véase*, Apéndice del Recurso de *Certiorari*, pág.

psiquiátrica del Hospital San Lucas del Municipio de Ponce, luego de haberlo arrestado. Asimismo, argumentó que dicha información constituía prueba exculpatoria que debía figurar en las notas del referido agente, en los informes policiacos y en el sumario fiscal, por lo que debió haber sido proporcionada con anterioridad. Sostuvo que no fue sino hasta el momento en que el Agt. Munet Rivera testificó en la vista preliminar que advino en conocimiento de dicho hecho.

Posteriormente, el 30 de julio de 2024, la representación legal del señor Santiago Rodríguez presentó una "**Moción Notificación de Defensa de Inimputabilidad**" en la que expresó que, al momento de la comisión de los hechos, el Peticionario no comprendía la criminalidad de sus actos. A tenor con lo anterior, le solicitó al TPI que le permitiera presentar la defensa de inimputabilidad y/o trastorno mental transitorio. En reacción a ello, el 20 de agosto de 2024, el Ministerio Público presentó su "**Contestación a Moción en Solicitud de Desestimación al Amparo del Debido Proceso de Ley y de la Regla 64 (p) de las de Procedimiento Criminal**" mediante la cual destacó que el Peticionario ya había sido declarado procesable por el TPI y explicó que el Ministerio Público no estaba obligado a recopilar los registros médicos o de salud mental de cada acusado previo a la radicación de cargos. Varios días después, el 27 de agosto de 2024, el Ministerio Público presentó la "**Contestación a Moción Al Amparo de la Regla 95 de las de Procedimiento Criminal y Moción al Amparo de la Regla 95-A de las de Procedimiento Criminal**", en la que afirmó que la Regla 95 de Procedimiento Criminal, 32 LPRA Ap. II, R. 95, solo autoriza la inspección, copia o fotocopia de materiales o información, pero no contempla la respuesta a interrogatorios. De igual manera, expresó que proveyó copia de toda la prueba documental relacionada al caso, siendo esta la siguiente: (1) declaración jurada de la señora Santana Torres, (2) orden de protección UTL2842023-01475 al amparo de la Ley de Acecho expedida el 26 de septiembre de 2023 en el Tribunal de Adjuntas, (3) PPR-621.1 Informe de Incidente, (4) PPR-615.4 advertencias Miranda, (5) notas del Agt, Munet Rivera, (6) un DVD video

cámaras de seguridad extraídas por el Agt. Joel F. Ríos González, (7) PPR-134.2 solicitud de servicios de CRADIC, (8) PPR-612.1 consentimiento a un registro y (9) PPR-134. recibo de evidencia digital.

Bajo tal contexto, el 9 de septiembre de 2024, se llevó a cabo una vista al amparo de la Regla 64 de Procedimiento Criminal, 32 LPRA Ap. II, R. 64. En dicha audiencia, la representación legal del señor Santiago Rodríguez manifestó que toda prueba que permita realizar un planteamiento en favor de la defensa debe considerarse como prueba exculpatoria, por lo que resultaba imprescindible informar sobre el estado mental del Peticionario en el momento de los hechos. Por su parte, el Ministerio Público reiteró que del sumario fiscal no se desprendía ninguna prueba de carácter exculpatorio y añadió que el Agt. Munet Rivera fue puesto a la disposición en la vista de causa para arresto para que declarara todo lo que había surgido de la investigación. Luego de escuchar los argumentos de ambas partes, el TPI declaro "Ha Lugar" la *Moción de Desestimación*.

El 24 de septiembre de 2024, el Ministerio Público presentó una "**Moción en Solicitud de Reconsideración**", a través de la cual argumentó que en Puerto Rico se presumía la cordura y que la carga de refutar esa presunción recae exclusivamente en la defensa. Además, expresó que no tiene la pericia necesaria para determinar la imputabilidad de una persona. Sostuvo, igualmente, que la presunta prueba exculpatoria surgió durante el testimonio directo del Agt. Munet Rivera y que el Peticionario interrogó al referido agente del orden público sobre el hecho de que lo transportó al área psiquiátrica del Hospital San Lucas. Relativo lo anterior, esgrimió que la magistrada que presidió la vista preliminar consideró dicha prueba para efectuar su determinación de causa para acusar y que ello es demostrativo de que nunca se puso al TPI en condiciones de concluir que dicha evidencia sería favorable y relevante para derrotar la probabilidad de que el Peticionario cometió los delitos imputados. En consonancia con lo anterior, le solicitó al foro recurrido que reconsiderara su determinación de desestimar la acusación en controversia.

Finalmente, el 10 de octubre de 2024, el TPI emitió una *Resolución* en la que indicó que, a pesar de que reconocía que la prueba era favorable al acusado, la representación legal del señor Santiago Rodríguez no colocó al Tribunal en condiciones de concluir que el resultado de la vista preliminar hubiera sido otro si hubiese tenido conocimiento previo de que el Peticionario fue llevado al hospital el día de los hechos. Así pues, declaró "Ha Lugar" la "**Moción en Solicitud de Reconsideración**".

Inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló el siguiente error:

> **Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Desestimación al Amparo de la Regla 64(p) de las de Procedimiento Criminal a pesar de que la evidencia no provista por el Ministerio Público antes de la celebración de la vista preliminar sobre la condición mental del señor Santiago al momento de los alegados hechos constituye prueba exculpatoria y/o favorable, y por ello procede la desestimación de las acusaciones, según lo resuelto en *Pueblo v. Ort[í]z Rodríguez*, 149 DPR 363, 374 (1999).**

El 11 de diciembre de 2024, compareció el Estado mediante "**Escrito en Cumplimiento de Orden**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de

Puerto Rico v. Gómez Alayón, 213 DPR __ (2023); 2023 TSPR 145. Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Regla 64 de las Reglas de Procedimiento Criminal de Puerto Rico regula lo relativo a las mociones de desestimación en los casos de índole penal. 34 LPR AP. II, R. 64. La misma proporciona un listado taxativo de los fundamentos por los cuales una acusación o denuncia puede ser desestimada. Dentro de estas razones se incluye la siguiente:

> Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho. 34 LPRA Ap. II, R. 64 (p).

Conforme a lo establecido por nuestro Tribunal Supremo, es posible invocar dos fundamentos para la desestimación de una acusación: (1) ausencia total de prueba o (2) que se le infringió al acusado alguno de los derechos procesales que deben ser garantizados en la vista. Pueblo v. Rivera, *supra*, pág. 878. Ambos argumentos demandan una demostración clara y detallada del error que se le atribuye al magistrado. Íd. En el segundo supuesto, el juez encargado de atender una moción bajo este fundamento tiene la obligación de evaluar si la vista preliminar se llevó a cabo conforme a lo establecido en la Regla 23 de Procedimiento Criminal, *supra*, y si se le brindaron todas las garantías procesales correspondientes. Pueblo v. Rivera, *supra*, pág. 879.

Como ejemplo de lo antes señalado, dicho petitorio desestimatorio resulta procedente cuando el Ministerio Público cuenta con prueba exculpatoria que, en incumplimiento con su deber, omitió entregar a la defensa antes de la celebración de la vista preliminar. En consonancia con ello, nuestro Tribunal Supremo adoptó la definición de prueba exculpatoria establecida en el caso normativo del máximo foro federal, Brady v. Maryland, 373 US 83 (1963), considerándola como aquella prueba material o favorable que tiene relevancia para la inocencia o la imposición de la pena del acusado, independientemente de la buena o mala fe demostrada por el Estado. Pueblo v. Vélez Bonilla, 189 DPR 705, 718 (2013). **La evidencia se considera material si existe una probabilidad razonable de que, de haberse**

**revelado a la defensa con anterioridad, el resultado del proceso habría sido diferente**. Strickler v, Green, 527 US 263, 280 (1999). Así, la relevancia de la prueba está condicionada a la impresión derivada por el foro apelativo de que la prueba exculpatoria suprimida, con una probabilidad justificada, habría influido en el castigo impuesto si hubiera sido presentada al juzgador de los hechos. Pueblo v. Echevarría Rodríguez I, 128 DPR 299, 333 (1991).

No obstante, es importante aclarar que la evidencia exculpatoria no es necesariamente aquella, que por sí sola puede dar lugar a la absolución del acusado, sino más bien toda evidencia que, de manera general, pueda beneficiar al acusado respecto a su falta de culpabilidad o la aplicación de la pena. Pueblo v. Vélez Bonilla, *supra*, pág. 719. En conclusión, la falta de entrega por parte del Ministerio Público de prueba relacionada con la inocencia o castigo del acusado vulnera sus derechos y como resultado, podría dar lugar a la desestimación de las acusaciones bajo la Regla 64(p) de Procedimiento Criminal, *supra,* siempre y cuando esta haya sido capaz de alterar el resultado de los procedimientos.

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Resolución* del TPI en la que se declaró "Ha Lugar" la "**Moción en Solicitud de Reconsideración**" interpuesta por el Ministerio Público y, en consecuencia, denegó la solicitud de desestimación presentada por éste. Como único señalamiento de error, el señor Santiago Rodríguez plantea que el foro *a quo* erró al declarar "No Ha Lugar" la *Moción de Desestimación*, a pesar de que cierta evidencia exculpatoria relacionada a su salud mental no fue provista por el Ministerio Público antes de la celebración de la vista preliminar.

Surge del expediente ante nuestra consideración que el 25 de octubre de 2024 el Ministerio Público presentó denuncias en contra del Peticionario por violar una orden de protección sobre acecho expedida en su contra y alegadamente cometer el delito de amenaza. Ese mismo día, se celebró la vista al amparo de la Regla 6 de Procedimiento Criminal, *supra*, en la que el

juez que presidió el procedimiento, no halló causa para su arresto. Así las cosas, el 16 de noviembre de 2024 se celebró una vista de Regla 6, *supra*, en alzada, mediante la cual se encontró causa para arresto contra el señor Santiago Rodríguez por los delitos previamente señalados.

Luego de varios trámites procesales, el 24 de julio de 2024, la representación legal del Peticionario presentó una *Moción de Desestimación* bajo el argumento de que el Ministerio Público omitió descubrir evidencia exculpatoria relacionada a la salud mental de su cliente consistente en que el 23 de octubre de 2024 el Agt. Munet Rivera llevó al Peticionario al área psiquiátrica del Hospital San Lucas del Municipio de Ponce, luego de haber efectuado el arresto. Tras la celebración de la vista al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra*, el TPI declaró "Ha Lugar" dicha solicitud. Insatisfecho con esta decisión, el Ministerio Público presentó una "**Moción en Solicitud de Reconsideración**", la cual fue declarada "Ha Lugar" mediante *Resolución,* bajo el fundamento de que la prueba en cuestión, aunque favorable al acusado, no hubiera cambiado el resultado de la vista preliminar de haberse conocido antes.

Tras examinar los documentos que obran en el legajo apelativo, así como los audios de la vista preliminar celebrada en el caso y la vista al amparo de la Regla 64 de Procedimiento Criminal, *supra*, no encontramos base que respalde la expedición del presente recurso discrecional. Evaluados los hechos particulares de este caso, resolvemos que el TPI no excedió los límites de su discreción al declarar "Ha Lugar" la "**Moción en Solicitud de Reconsideración**" interpuesta por el Ministerio Publico y, en consecuencia, denegar la solicitud de desestimación presentada por el señor Santiago Rodríguez.

Del expediente surge que durante el examen directo efectuado por el Ministerio Público al Agt. Munet Rivera durante la vista preliminar salió a relucir el traslado del Peticionario al área psiquiátrica del Hospital San Lucas el día de su arresto. Igualmente, se desprende claramente que la defensa no sólo contrainterrogó al agente sobre dicho particular, sino que también efectuó

una amplia argumentación sobre este asunto. Sin embargo, a pesar de que la distinguida juzgadora de instancia tuvo ante sí dichas circunstancias halló causa para acusar en contra del señor Santiago Rodríguez, al concluir que no se derrotó la probabilidad de que este cometió el delito imputado y su conexión con el mismo. Por si fuera poco, el Agt. Munet Rivera estuvo disponible para testificar durante las etapas previas a la celebración de la vista preliminar para declarar todo lo que había surgido de la investigación. En fin, no se nos ha puesto en posición de interpretar cómo sostener que la determinación impugnada representa una violación a los derechos del Peticionario. No olvidemos que, bajo las circunstancias presentadas en el caso de autos, "el acusado debe persuadir al tribunal revisor de que de haberse revelado oportunamente la evidencia exculpatoria probablemente (o hay una probabilidad razonable de que) el resultado hubiera sido distinto, esto es fallo absolutorio o determinación de no causa probable en vista preliminar". E.L. Chiesa Aponte, Procedimiento Criminal y la Constitución: Etapa Adjudicativa, Ed. SITUM, 2018, pág. 41.

En vista de lo anterior, somos de la opinión de que el caso en cuestión no satisface ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, que exigiría la expedición del auto de *certiorari* para reemplazar el criterio del TPI por el nuestro.

**IV.**

Por los fundamentos que anteceden, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones